UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Ellis Everett**, *Plaintiff*, v. **Radius Global Solutions, LLC,** *Defendant*. | Case No.: <br><br> Ad Damnum: **$3,000 + Fees and Costs** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Ellis Everett** ("**Mr. Everett**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Radius Global Solutions, LLC** ("**Radius**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Everett against Radius for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), the *Fair Credit Reporting Act*, 15 U.S.C. §1681, *et seq.* ("**FCRA**"), and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. §1692k(d), the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C § 1331.

3. This Court has supplemental jurisdiction for Mr. Everett's state law claims pursuant to 28 U.S.C. § 1367.

4. Radius is subject to the provisions of the FDCPA, the FCRA, and the FCCPA and is subject to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes, and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendant therein.

## PARTIES

### Mr. Everett

6. **Mr. Everett** is a natural person residing in Wimauma, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. §1692a(3), the FCRA, 15 U.S.C. §1681a(c), and the FCCPA, Section 559.55(8), Florida Statutes.

### Radius

7. **Radius** is a Minnesota limited liability company with a principal address of **7831 Glenroy Rd., Suite 250, Edina, MN 55439.**

8. Radius is registered to conduct business in the State of Florida, where its Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

## DEFENDANT IS A DEBT COLLECTOR

9. Radius is a *Debt Collector* within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that it uses an instrumentality of interstate commerce, including the postal mail, for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Radius is licensed as a *Consumer Collection Agency* ("**CCA**") by the Florida Office of Financial Regulation, holding license number **CCA0900498. SEE PLAINTIFF'S EXHIBIT A.**

## FACTUAL ALLEGATIONS

11. Around January 18, 2019, Mr. Everett's doctors determined he required laboratory tests, which were later performed by Laboratory Corporation of America ("**LabCorp**").

12. At no point did Mr. Everett himself make any direct agreement with LabCorp for payment of services, or for any extension of credit.

13. LabCorp later claimed Mr. Everett incurred a medical debt of $217.65 for charges not covered by insurance (the "**Debt**").

14. Because the Debt arose from services which were for family, personal, or household purposes, specifically, *personal medical services*, the Debt meets the definition of *Debt* as defined by the FDCPA, 15 U.S.C. § 1692a(5).

15. In September 2019, LabCorp transferred or otherwise assigned the Debt to Radius for collection.

16. On September 24, 2019, Radius requested a consumer credit report regarding Mr. Everett from Trans Union LLC ("**Trans Union**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**"). **SEE PLAINTIFF'S EXHIBIT B.**

17. This request was recorded by Trans Union. *Id.*

18. To lawfully request a *Credit Bureau Report* ("**CBR**") from a CRA, a debt collector must be collecting a debt which arises from a *Credit Transaction* involving the consumer. *See* 15 U.S.C. §1681b(a)(3)(A); *Pigg v. Fair Collections & Outsourcing, Inc.*, No. 1:16-CV-01902-JMS-DML, 2017 WL 3034266, at *4 (S.D. Ind. July 18, 2017) (holding that a debt collection agency did not have a permissible purpose because, even where a debt exists, a "credit transaction is a necessary prerequisite" for § 1681b(a)(3)(A)).

19. A *Credit Transaction* involving the consumer is one in which the consumer voluntarily participates and enters into an agreement to receive goods or services in advance of payment, with the consent of both parties. *See Pintos v. Pacific Creditors Association*, 504 F. 3d 792, 798 (9th Cir. 2007); *Miller v. Trans Union*

*LLC*, No. 06 C 2883 at *7 (N.D. Ill. Feb. 28, 2007); *Rodriguez v. Experian Info. Sols., Inc.*, Case No. C15-01224RAJ, at *9 (W.D. Wash. Jul. 25, 2016).

20. Neither the Debt, nor any transaction between Mr. Everett and LabCorp constituted an extension of credit.

21. While the Debt is a purported **consumer debt**, it is not a **"credit transaction"** under the FCRA. *See* 15 U.S.C. § 1681b(a)(3)(A).

22. Radius intended to, and did, use the wealth of information provided by Trans Union regarding Mr. Everett in its efforts to attempt to collect the Debt from him.

23. Debt collection is a permissible reason for obtaining a credit report **only** when a debt arises from a transaction in which the debtor **voluntarily and directly seeks credit**." *Baron v. Mark A. Kirkorsky, P.C.* (Case No. 17-cv-01118, U.S.D.C., District of Arizona) (**Emphasis added.**)

24. Because the Debt did not involve a *Credit Transaction*, Radius did not have a *permissible purpose* under the FCRA to obtain a CBR from Trans Union.

25. Upon information and belief, Trans Union requires a debt collector to certify that it has a permissible purpose to obtain a report when requesting a CBR; therefore, to obtain Mr. Everett's report, Radius falsely certified that it had such purpose.

26. If Radius lacked a permissible purpose to obtain Mr. Everett's report when it requested a CBR for consumer debt collection purposes, Radius made a misrepresentation in connection with the collection of a consumer debt.

27. Around May 14, 2020, Radius sent one of several collection letters to Mr. Everett. **SEE PLAINTIFF'S EXHIBIT C.**

28. Rather than prepare and mail a collection letter on its own, Radius sent information to a commercial mail house in or around Oaks, Pennsylvania ("**mail house**").

29. Radius disclosed to the mail house:

  a. Mr. Everett's status as a debtor,

  b. the fact he supposedly owed $217.65 to LabCorp,

  c. the date of service of the laboratory work,

  d. the fact the Debt concerned medical treatment, and

  e. other highly personal pieces of information.

30. The mail house then populated some or all of this information into a pre-written template, printed, and mailed the letter from Pennsylvania to Mr. Everett's residence in Florida. *Id.*

31. The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium," which includes sending an electronic file containing information about Mr. Everett's purported debt to a mail house.

32. Radius' communication to the mail house was in connection with the collection of a Debt since it involved disclosure of the Debt to a third party with instructions to produce a collection letter and mail it to Mr. Everett, the consumer, with the objective that the correspondence would motivate the consumer to pay some or all of the alleged Debt.

33. This mail house is a distinct entity not owned by Radius.

34. This mail house is not a consumer reporting agency as referenced in 15 U.S.C. § 1692c(b).

35. This mail house is not an attorney as referenced in 15 U.S.C. § 1692c(b).

36. Mr. Everett never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with any mail house.

37. 15 U.S.C. § 1692c(b) states that:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the <u>consumer</u>, his <u>attorney</u>, a <u>consumer reporting agency</u> if otherwise permitted by law, the <u>creditor</u>, the <u>attorney of the creditor</u>, or the <u>attorney of the debt collector</u>." (emphasis added).

38. The mail house used by Radius as part of its debt collection effort against Mr. Everett does not fall within any of the categories listed within 15 U.S.C. § 1692c(b).

39. Due to Radius' communication to this mail house, information about Mr. Everett, including his name, medical issues, treatment dates, and the amount he supposedly owes as a result, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

40. Thus, Radius disclosed information about Mr. Everett, his status as a debtor, and other information in violation of 15 U.S.C. § 1692c(b). See *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

41. If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

42. Communications from debt collectors to mail houses are not exempt from the provisions of 1692c(b) and are "in connection with" the collection of a debt. See *Hunstein*.

43. Radius devised this strategy of communicating to a third-party mail house so that it could churn out more collection letters than if it kept all of the work "in house."

44. This mail house strategy allowed Radius to generate more profit and gain an advantage over competitors.

45. In reckless pursuit of these business advantages, Radius disregarded the known, negative effects that disclosing sensitive medical information to an unauthorized third party would have on a consumer.

46. Radius' unauthorized and prohibited communications caused Mr. Everett, a consumer who highly values his privacy, significant emotional distress since his confidential, legally protected medical and personal information had been unlawfully disseminated to third parties.

47. Mr. Everett has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## VIOLATIONS OF THE FDCPA

48. Mr. Everett adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

49. Radius violated **15 U.S.C. § 1692c(b)** when it disclosed information about Mr. Everett's purported LabCorp debt to an unauthorized third-party mail house and the employees of that mail house in connection with the collection of the Debt.

50. Radius violated **15 U.S.C. § 1692e and 1692e(10)** when it made false and misleading representations in an attempt to collect a debt and/or obtain information about Mr. Everett by representing to Trans Union in September 2019 that the Debt stemmed from a *Credit Transaction* involving Mr. Everett when it did

not, in a successful effort to obtain information about Mr. Everett to which it was not legally entitled.

51. Radius violated **15 U.S.C. § 1692e(8)** when it communicated credit information known to be false, or which it should have known to be false, when it certified to Trans Union that the underlying debt which Radius was requesting a credit report in connection with the collection thereof was a *Credit Transaction*, when it was not.

52. Radius violated **15 U.S.C. § 1692f** by using unfair means in connection with the collection a debt, to wit, knowingly disclosing sensitive medical and personal information about Mr. Everett to third parties not expressly authorized under the FDCPA.

53. Radius' conduct renders it liable for the above-stated violations of the FDCPA, and Mr. Everett is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

54. Radius intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Radius for:

    a.    Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    b.    Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

  d.  Such other relief that this Court deems just and proper.

## COUNT II
## <u>VIOLATION OF THE FCCPA</u>

55. Ms. Everett adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

56. Radius violated **Section 559.72(5), Florida Statutes**, when it disclosed to the Pennsylvania mail house, a third party, information that would affect Mr. Everett's reputation, specifically details about his medical issues and purported unpaid bills. Radius was aware that there was no legitimate business *need* to convey this information, since Radius could easily have prepared and mailed the letter itself without any need to disclose the information to a third party.

57. Instead, Radius *intentionally decided* to disclose this information to the Pennsylvania mail house as part of its debt collection effort against Mr. Everett because it allowed Radius to gain a competitive advantage over the competition through increased profit margins.

58. Radius violated **Section 559.72(9), Florida Statutes**, when it asserted legal rights which do not exist, to wit, the right to obtain a credit report from Trans Union to utilize in connection with the collection of the Debt, when federal law

restricts obtaining reports for collection purpose to debts which are credit transactions, something the Debt was not.

59. Radius' conduct renders it liable for the above-stated violations of the FCCPA, and Mr. Everett is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Radius for:

   a. Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida Statutes;

   b. Unspecified actual damages pursuant to Section 559.77(2), Florida Statutes;

   c. Injunctive relief preventing Radius from making any further communications to the unauthorized third party when attempting to collect a consumer debt;

   d. Reasonable costs and attorneys' fees pursuant to Section 559.77(2), Florida Statutes; and,

   e. Such other relief that this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FCRA

60. Mr. Everett adopts and incorporates paragraphs 1 – 47 as if fully stated herein.

61. Radius violated **15 U.S.C. § 1681b(f),** either willfully and intentionally or recklessly and without regard for a consumer's rights, when it requested a credit report from Trans Union regarding Mr. Everett without a permissible purpose to obtain the report.

62. Radius' conduct renders it liable under the FCRA to Mr. Everett in a statutory amount up to $1,000 per incident.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Radius for:

a. The greater of Mr. Everett's actual damages or statutory damages of **$1,000** per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), and / or 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and / or 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Everett hereby demands a jury trial on all issues so triable.

Respectfully submitted April 29, 2021, by:

**SERAPH LEGAL, P.A.**

*/s/ Brandon D. Morgan*
Brandon D. Morgan, Esq.
FL Bar #: 1015954
BMorgan@SeraphLegal.com

*/s/ Thomas M. Bonan*
Thomas M. Bonan, Esq.
FL Bar #: 118103
TBonan@SeraphLegal.com

1614 N. 19th St.
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Radius' Florida CCA License Record
B    Plaintiff's Trans Union Consumer Disclosure, May 22, 2020, Excerpt
C    Radius' Collection Letter to Plaintiff, Dated May 14, 2020